# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHARLES K. CARAWAY,<br>#269416,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM WHITE; and HENRY D.<br>MCMASTER, Attorney General<br>of the State of South Carolina,<br><br>Respondents. | CIVIL ACTION NO. 0:05-3329-HFF-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

　　　　This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 22, 2005.[1] The Respondents filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 1, 2006. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on February 1, 2006, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case.

　　　　After being granted an extension of time, Petitioner filed a memorandum in opposition to the motion for summary judgment on April 3, 2006. This matter is now before the

---

　　　　[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988). See Order filed February 13, 2006, n.1.



Court for disposition.[2]

## Procedural History

The file reflects that Petitioner was indicted in the March 2000 term of the Horry County Court of General Sessions for murder [Indictment No. 00-GS-26-753]. (R.pp. 91-92). Petitioner was represented by W. Thomas Floyd, Esquire. After negotiations with the Solicitor's office, Petitioner pled guilty to murder on September 13, 2000. (R.pp. 1-25). Petitioner was sentenced to thirty (30) years imprisonment pursuant to the plea negotiations. (R.pp. 2, 23). Petitioner did not file a direct appeal from his conviction and sentence.

On March 15, 2001, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court. (R.pp. 26-30). Petitioner raised the following issues in this APCR:

   a) Ineffective Assistance of coun[sel];

   b) Violation of Due Process of Law & Equal Rights.

(R.p. 27).

Petitioner was represented by Matthew Dove, Esquire, who at the PCR hearing presented the following issues for review by the Court:

   a. counsel failed to gather sufficient information to present an effective defense;

   b. counsel failed to advise Petitioner of the elements of murder;

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



    c. counsel failed to obtain or consult with an expert on the victim's use of drugs and body position at the time of the fatal stabbing;

    d. counsel failed to explain "all the elements of trial."

(R.pp. 38-41, 51, 54-55).

The evidentiary hearing was held on March 7, 2003. (R.pp. 36-81). On September 19, 2003, the PCR judge entered an order dismissing the petition in its entirety. (R.pp. 82-87).

Petitioner timely filed a notice of appeal with the South Carolina Supreme Court. Petitioner was represented by Tara S. Taggart, Esquire, who filed a Johnson [3] petition seeking to be relieved as counsel and raising the following issue:

> Whether petitioner's guilty plea was rendered involuntary, unknowing, and unintelligent because of the ineffective assistance of counsel he received.

See Petition, p. 2.

On July 15, 2004, Petitioner filed his own pro se brief further addressing this same issue.

The South Carolina Supreme Court denied certiorari and granted the motion to be relieved as counsel in an unpublished order issued June 3, 2005. The remittitur was filed on June 21, 2005.

Petitioner then filed this habeas corpus Petition in the United States District Court pursuant to 28 U.S.C. § 2254. Petitioner raises the following issues in this Petition:

**Ground One:** Guilty plea involuntarily, unknowingly, and unintelligently entered.

Counsel failed to adequately inform petitioner of numerous circumstances and facts before entering guilty plea: (1) elements of offense and lesser offense, any plausible defense, consequences and nature of the offense, and any affirmative defenses

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).



applicable to petitioner's case.

**Ground Two:** Ineffective Assistance of Counsel.

Counsel failed to conduct reasonable pretrial investigations into all plausible affirmative defenses to the crime charged, counsel failed to request a mental/psychiatric evaluation, counsel failed to adequately and fully explain the rights petitioner was waiving by entering guilty plea.

See Petition, p. 5.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

In Grounds One and Two of his Petition, Petitioner essentially contends that his guilty plea was not knowingly and voluntarily entered because his counsel failed to adequately investigate his case, explore alternative options or obtain expert advice, or explain to the Petitioner his options and defenses. Since both Grounds One and Two deal with involuntariness of his guilty



plea, the undersigned has discussed them together in this section.

These issues were generally raised at Petitioner's PCR hearing,[4] where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). Following this hearing, the PCR Court made relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Caraway v. State of South Carolina, No. 01-CP-26-1288. The PCR judge found that 1) the Petitioner presented no evidence to support his claim that a forensic expert could have proven that the victim had used drugs and was in an attacking position when the fatal stabbing occurred; 2) prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post conviction relief; 3) Petitioner's mere speculation as to what a witness' testimony would have been cannot, by itself, satisfy his burden of showing prejudice; 4) Petitioner was adamant in his admission of guilt at his guilty plea; 5) when trial counsel advised Petitioner that he had two witnesses who would present favorable testimony, Petitioner told counsel that neither witness was correct in their testimony; 6) trial counsel had a client who admitted stabbing the victim without provocation and without fear of bodily injury; 7) Petitioner did not present any evidence or testimony to persuade the Court that the testimony provided at Petitioner's guilty plea was either invalid or untrue; 8) that Petitioner waived any and all allegations which were not specifically addressed in the PCR order; and 9) that trial counsel's representation was not

---

[4]Although Respondents argue that some of Petitioner's claims are procedurally barred since they were not raised in Petitioner's PCR appeal, since Petitioner's appellate counsel filed a Johnson petition, the South Carolina Supreme Court reviewed any issues raised and addressed in Petitioner's PCR proceedings. See Praylow v. McMaster, No. 04-02-2-33082, 2004 WL 3334010 (D.S.C. Oct. 28, 2004), dismissed by, 126 Fed.Appx. 89 (4th Cir. 2005). In an abundance of caution, therefore, the undersigned is addressing Petitioner's claim in toto.



deficient, nor was Petitioner prejudiced by counsel's representation.  (R.pp. 84-86).

Substantial deference is to be given to the state court's findings of fact.  <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.  <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000).  <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court



proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner testified at his PCR hearing that he was never evaluated, that his trial counsel never explained the

7



elements of murder to him, that counsel did not interview the necessary witnesses, and that his counsel should have hired an expert witness to provide evidence to support a lesser charge. (R.pp. 49-52). Petitioner also testified that his counsel never explained that he could possibly be convicted of a lesser charge. (R.p. 52). However, no testimony was presented as to what any potential expert testimony would have been, or from other witnesses at the PCR hearing, other than Petitioner's own self-serving testimony speculating as to what that testimony could or would have been. (R.p. 51). Petitioner also conceded at his PCR hearing that, while the victim moved towards him, the victim did not attack him. (R.p. 57).

Petitioner's counsel testified that Petitioner told him that the victim did attack him, but that not only was he not scared of the victim, but "he didn't know why he picked up a knife, that he could beat the victim up, that he could have taken him." (R.p. 61). Counsel also testified that he did an independent investigation and that he

> found several witnesses. We got into it and it really was a sad situation. It was something that should have never happened, but we found some witnesses that their stories weren't exactly what was written up in the police report, actually had some witnesses that indicated that Kevin was not the person that did the stabbing, and I told Kevin about this. We talked about that, and just as he testified to a minute ago he said, "That's not the truth. I don't want you to follow up on that."

(R.p. 62).

Counsel further testified that,

> I did explain to him that one of the elements of murder was malice aforethought and tried to as best I could explain what that is. We also did talk about voluntary manslaughter. When we were talking about voluntary manslaughter. When we were talking about possible sentences and before I had had any kind of plea arrangement worked out, I explained to him that voluntary manslaughter was basically the killing of another without malice or the killing of another with sudden heat and passion because there was one element that was present in this fight that I didn't know if we could convince a jury of it or not, but the alcohol and the drug



use that was present, which in my mind could greatly diminish his ability to form malice. . . .

I felt like and Kevin and I talked about this that the best we would be able to do at trial, the best that I felt like we could pull out would be voluntary manslaughter.

(R.pp. 63-64).

Counsel testified that he discussed murder and voluntary manslaughter with the Petitioner and explained the distinction between the two. (R.pp. 65-66). Counsel further testified that he never questioned the Petitioner's competency and that he did not feel like they could prove self defense, which he explained to the Petitioner. (R.p. 66). Counsel told the Petitioner that he didn't think that they had the elements of self defense. (R.p. 69). Counsel testified that his goal was to get the Solicitor's office to let the Petitioner plead to voluntary manslaughter; (R.p. 67); but when the Solicitor's office would only accept a plea to murder with a recommendation of thirty (30) years, counsel discussed that option with the Petitioner and Petitioner decided to accept that plea. (R.p. 72). Finally, counsel testified that he fully explained to the Petitioner what was happening at his plea proceeding, that Petitioner understood his rights, and that he was giving up those rights and entering a voluntary plea of guilty. (R.pp. 67-68).

The record also reflects that Petitioner testified at his guilty plea that he had enough time to make up his mind as to whether to plead guilty, that he was satisfied with the manner in which his lawyer had represented him, that his lawyer had talked to him as often and for as long as the Petitioner felt necessary for him to properly represent him, that he did not need any more time to talk with his lawyer, that his lawyer had done all he could have or should have done for him, that his lawyer had not done anything that Petitioner felt like he shouldn't have done, and that he was pleading guilty of his own free will and accord and was completely satisfied with his

9



counsel's services. (R.pp. 8-9).

This record supports the PCR judge's conclusion that counsel was not ineffective and that Petitioner also had not shown any prejudice. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Petitioner has not shown what any expert testimony would have been, had any been presented (other than his own speculation), nor has he provided testimony from other witnesses to show what they would have testified to at trial. Petitioner has also failed to present any evidence to show that he was incompetent at the time of his plea or that his actions were the result of any mental condition. While Petitioner did submit medical records from 1995 which include a psychiatric evaluation Petitioner received after a suicide attempt,[5] he has not provided any medical evidence showing that he had a deficient mental condition at the time of the murder in

---

[5] Petitioner's 1995 medical records include doctor's notes to the effect that Petitioner had been on Prozac and Ritalin in the past (apparently self reported).



1999 or at the time of his plea in 2000. Indeed, at the time of his guilty plea, trial counsel responded to questions concerning Petitioner's mental competency by stating, "[t]here's never been any issue of that, Your Honor. . . . There was never an issue, nor has one been done [referring to a competency evaluation]." (R.p. 3). Petitioner himself also represented to the trial judge that he had never been treated for abuse of alcohol and drugs or mental illness. (R.p. 5). Accordingly, Petitioner has failed to show that he was incompetent at the time of his plea or that his actions were the result of any mental condition. Petitioner has also not shown how any additional preparation by counsel would have resulted in a different outcome. Hence, there is no basis in the record to overturn the findings of the State Court. Evans, 220 F.3d at 312. The record before this Court shows that Petitioner chose to plead guilty, and that he did so freely and voluntarily. Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.

  While Petitioner now makes several allegations to explain how his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings…The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. Hence, Petitioner has



failed to show his plea was involuntary.  See Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]; Vanater v. Boles, 377 F.2d. 898 (4th Cir. 1967); Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra.  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Petitioner's claim that his counsel was ineffective on the grounds cited is without merit, and should be dismissed.  Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that this federal habeas petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

July 11, 2006



### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201
