

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| CHARLES K. CARAWAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 0:05-3329-HFF-BM |
| WILLIAM WHITE, and HENRY D. | § | |
| MCMASTER, Attorney General of the | § | |
| State of South Carolina, | § | |
| | § | |
| Respondents. | § | |

ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING, DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE PETITION

## I.   INTRODUCTION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner is proceeding pro se. Pending before the Court are (1) Petitioner's Motion for an Evidentiary Hearing; (2) Petitioner's Motion for Appointment of Counsel; and (3) Respondents' Motion for Summary Judgment.

## II.   DISCUSSION

### A.   Petitioner's Motion for an Evidentiary Hearing

For a petitioner to receive an evidentiary hearing in a § 2254 case, he must (1) "allege[] additional facts that, if true, would entitle him to relief," *Fullwood v. Lee*, 290 F.3d 663, 681 (4th

Cir. 2002), and (2) establish any one of the six factors set forth by the United States Supreme Court in *Townsend v. Sain*, 372 U.S. 293 (1963). The *Townsend* factors are as follows:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id.* at 313. After a review of the record in this case, the Court concludes that Petitioner has failed to set forth any additional facts that would entitle him to relief. Because Petitioner has failed to allege additional facts, the Court need not consider whether any of the *Townsend* factors have been met. *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998) (denying an evidentiary hearing where the petitioner "failed to forecast any evidence beyond that already contained in the record, or otherwise to explain how his claim would be advanced by an evidentiary hearing), *overruled on other grounds by Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000). Thus, the Court will deny Petitioner's Motion for an Evidentiary Hearing.

    **B.     Petitioner's Motion for Appointment of Counsel**

The Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e)(1) (2006); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). However, the appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). After a thorough review of the record in this case, the Court concludes that there are no exceptional circumstances which justify the appointment of counsel. Therefore, Petitioner's Motion for Appointment of Counsel will be denied.

C.	**Respondents' Motion for Summary Judgment**

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' Motion for Summary Judgment be granted and that the petition be dismissed. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 11, 2006, and the Clerk entered Petitioner's objections on August 14, 2006. The Court has now carefully considered Petitioner's twelve-page objection memorandum but finds the objections contained therein to be without merit. Therefore, for the reasons set forth in the Magistrate Judge's comprehensive and well-reasoned Report, the Court will grant Respondents' Motion for Summary Judgment.

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein.

**III.  CONCLUSION**

Based on the foregoing, the Court **DENIES** Petitioner's Motion for an Evidentiary Hearing, **DENIES** Petitioner's Motion for Appointment of Counsel, and **GRANTS** Respondents' Motion for Summary Judgment.

**IT IS SO ORDERED**.

Signed this 26th day of September, 2006, in Spartanburg, South Carolina.

s/Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.